## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **LaserMax, Inc.** | ) | |
| | ) | |
| *Plaintiff,* | ) | **Civil Action No.** |
| | ) | |
| **v.** | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| **Sellmark Corporation** | ) | |
| *Defendant.* | ) | |
| | ) | |

## COMPLAINT

Plaintiff, LaserMax, Inc. ("LaserMax"), by and through its undersigned counsel, alleges as follows:

## NATURE OF THE ACTION

1.      This is a civil action arising under the laws of the United States, specifically for patent infringement arising under the Patent Laws of the United States, Title 35 of the United States Code, §§ 1 *et seq*.

## THE PARTIES

2.      LaserMax is a Delaware corporation having a principal place of business at 3495 Winton Place, Rochester, NY  14623.

3.      Upon information and belief, Defendant Sellmark Corporation ("Sellmark") is a Texas Corporation having a principal place of business at 2201 Heritage Parkway, Mansfield, TX 76063.

## JURISDICTION AND VENUE

4.      This is an action for patent infringement arising under the patent laws of the United States, specifically, under Title 35 of the United States Code.  This Court has subject matter jurisdiction over this action under 35 U.S.C. § 271 *et seq*. pursuant to 28 U.S.C. §§ 1331-32 and 1338(a).

5.      This Court has personal jurisdiction over Defendant Sellmark at least because, upon information and belief, Defendant Sellmark has substantial, continuing, and on-going contacts with this State and regularly conducts business in this State.  Further, upon information and belief, Defendant Sellmark has sold and continues to sell into this State and judicial district the products at issue in this case.  Upon information and belief, Defendant Sellmark has sold and continues to sell mountable laser sight devices ("Accused Products") in this State and judicial district.  Defendant Sellmark, upon information and belief, offers to sell, has sold and continues to sell the Accused Products within this State under the brand names or trade names Firefield and Sightmark.

6.      Venue is proper in this judicial district pursuant to Title 28, U.S.C. §§ 1391(b)-(d) and § 1400(b) in that acts of patent infringement are occurring within this State and judicial district.

## FACTS

7.      Plaintiff, LaserMax is the owner of U.S. Patent No. 7,743,547 ("'547 Patent"), issued by the United States Patent and Trademark Office on June 29, 2010 and entitled, "Firearm Mount with Embedded Sight."  A true and correct copy of the '547 Patent is attached to this Complaint as Exhibit A.

8.      Plaintiff, LaserMax is the assignee of all right, title and interest in and to the '547 Patent and possesses all rights of recovery under the '547 Patent, including the right to sue for past infringement and recourse for damages, via a chain-of-title including an assignment, which was recorded in the United States Patent and Trademark Office ("PTO") on May 9, 2008 at Reel 20926, beginning at Frame 688 from the inventors to LaserMax, Inc. and a merger, which was recorded in the PTO on December 13, 2013 at Reel 31777, beginning at Frame 20 evidencing the change of corporate structure of LaserMax from a New York corporation to a Delaware corporation.

9.      In April, 2011, Plaintiff LaserMax sent a letter, a copy of which is attached as Exhibit B, to the President of Defendant Sellmark regarding the '547 Patent including a copy of the '547 Patent.  Plaintiff LaserMax received response letters from Defendant Sellmark related to the '547 Patent and discussed Sellmark's products and the '547 Patent with Sellmark's President James Sellers in the summer of 2011.  A resolution to Plaintiff LaserMax's complaints regarding Sellmark's products and the '547 Patent was not achieved.

10.      Defendant Sellmark continued to market, manufacture, use, offer for sale, sell and/or import the Accused Products with full knowledge of the '547 Patent since at least April, 2011.

11.      The '547 Patent is valid and enforceable and the term of the '547 patent will expire on or about February 4, 2026.

12.      Plaintiff LaserMax invests substantial time, capital and effort into the development of its intellectual property, including investment in the intellectual property related to the '547 Patent.

13.     Based upon information and belief, Defendant Sellmark has used, manufactured, sold or offered for sale products that are covered by claims of the '547 Patent.  Specifically, upon information and belief, Defendant Sellmark has sold the Accused Products, which are covered by claims of the '547 Patent.

14.     Defendant Sellmark has not sought, nor obtained, a license under the '547 Patent and is not authorized or permitted to market, manufacture, use, offer for sale, sell or import any products embodying the invention disclosed and claimed in the '547 patent.

## COUNT I
## INFRINGEMENT OF THE '547 PATENT

15.     Plaintiff re-alleges and incorporates by reference paragraphs 1 through 14 of this Complaint as though fully set forth herein.

16.     The '547 patent is presumed valid pursuant to 35 U.S.C. § 282.

17.     Upon information and belief, Defendant Sellmark, in violation of 35 U.S.C. § 271, has been and is currently infringing, contributorily infringing and/or inducing others to infringe the '547 Patent, either literally or under the doctrine of equivalents, by making, causing to be made, using, offering for sale, selling and/or importing into the United States, without license or authority, at least the Accused Products, which are covered by one or more claims of the '547 Patent.

18.     Upon information and belief, Defendant Sellmark actively, knowingly, and intentionally induced, and continues to actively, knowingly, and intentionally induce, infringement of the '547 Patent by making, using, offering for sale, importing, and selling Accused Products, as well as by contracting with others to use, market, sell, offer to sell, and import the Accused Products, all with knowledge of the '547 Patent and its claims; with

knowledge that its customers and end users will use, market, sell, offer to sell, and import the

Accused Products; and with the knowledge and the specific intent to encourage and facilitate

those infringing sales and uses of the Accused Products through the creation and dissemination

of promotional and marketing materials, instructional materials, product manuals, and technical

materials.

19.     Upon information and belief, Defendant Sellmark has also contributed to the

infringement by others, including the end users of the Accused Products, and continues to

contribute to infringement by others, by selling, offering to sell, and importing the Accused

Products into the United States, knowing that those products constitute a material part of the

inventions of the '547 Patent, knowing those products to be especially made or adapted to

infringe the '574 Patent, and knowing that those products are not staple articles or commodities

of commerce suitable for substantial non-infringing use.

20.     Upon information and belief, Defendant Sellmark has willfully infringed upon

one or more of the claims of the '547 Patent through use, manufacture, offer for sale, sale and/or

importation of the Accused Products.

21.     As a result of Sellmark's willful infringement of the '547 Patent, Plaintiff

LaserMax has been damaged to an extent not yet determined.

22.     Plaintiff LaserMax is entitled to monetary damages adequate to compensate

Plaintiff LaserMax for infringement by Defendant Sellmark of the '547 Patent and is entitled to

increased damages under 35 U.S.C. § 284, together with interest, costs and attorney's fees.

## JURY DEMAND

Plaintiff LaserMax hereby demands a jury trial on all issues appropriately triable by jury.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff LaserMax prays for judgment in its favor and against Defendant Sellmark for the following:

(a)     A judgment that Defendant Sellmark has infringed the '547 Patent;

(b)     A decree that Defendant Sellmark's infringement of the '547 patent was willful and deliberate;

(c)     An award to Plaintiff LaserMax of damages that are adequate to fully compensate it for the Defendant Sellmark's infringement of the '547 Patent, together with pre- and post-judgment interest and costs, including enhanced damages for any willful infringement under 35 U.S.C. § 284;

(d)     An accounting and payment by Defendant Sellmark to Plaintiff LaserMax of all profits realized by Defendant Sellmark during the period beginning from six years prior to commencement of the present action up to expiration of the term of the '547 Patent from the unlawful acts complained of herein pursuant to 35 U.S.C. § 289;

(e)     A permanent injunction enjoining Defendant Sellmark and those in active concert or participation therewith, from infringing the '547 Patent;

(f)     A finding that this case is exceptional and award Plaintiff LaserMax its costs, reasonable attorneys' fees, and expenses in this action; and

(g)     An award of such other and further relief, at law or in equity, as the Court may deem just and proper.

Dated: June 13, 2014

Of Counsel:

John D. Simmons
Dennis J. Butler
PANITCH SCHWARZE BELISARIO & NADEL LLP
2005 Market Street, Suite 2200
Philadelphia, PA 19103
(215) 965-1330
(215) 965-1331 (Fax)
jsimmons@panitchlaw.com
dbutler@panitchlaw.com

Respectfully submitted,

FARNAN LLP

/s/ Michael J. Farnan
Joseph J. Farnan, III (Bar No. 3945)
Brian E. Farnan (Bar No. 4089)
Michael J. Farnan (Bar No. 5165)
919 N. Market Street, 12th Floor
Wilmington, Delaware 19801
(302) 777-0300
jjfarnan@farnanlaw.com
bfarnan@farnanlaw.com
mfarnan@farnanlaw.com

*Attorneys for Plaintiff LaserMax, Inc.*